SANDERS v. COMMONWEALTH.

Court of Appeals of Kentucky,

June 11, 1954.

V. R. Logan, Brownsville, Hardy & Logan, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Squire N. Williams, Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

Under an indictment charging rape, the appellant was convicted and sentenced to four years in the penitentiary for taking or detaining a woman against her will, as defined by KRS 435.110.

Since we are reversing the case because of erroneous instructions, we shall discuss only such alleged errors as may recur on a subsequent trial.

No useful purpose would be served by a recitation of the highly conflicting versions of the incidents out of which the prosecution grew. In our opinion, the evidence was sufficient to justify a submission of the case to the jury on the question of appellant's guilt or innocence. Intercourse was admitted, and the only issue for the jury was whether it was accomplished with or without the consent of the prosecutrix. Notwithstanding this fact, the court gave an instruction on detaining a woman against her will, which is a lower degree of the offense of rape.

 It is elementary that the court is required to instruct on every degree of an offense which the evidence may support. In this case, the appellant was either guilty of rape or he was innocent, and the evidence did not justify or require an instruction on a lesser degree of the offense. Under some circumstances, we have held that it was not prejudicial to instruct on a lower degree of an offense although the evidence did not justify such an instruction. However, in this case, the jury was unwilling to convict appellant of the offense of rape and convicted him of a lower degree which was not supported by the evidence. If the instructions had left to the jury the choice of acquitting or convicting for the offense of rape, they may well have returned a verdict of not guilty. The fact that the conviction was for the lesser offense indicates that the jury had some doubt of whether or not appellant was guilty of the offense charged in the indictment. We think the giving of an instruction on the offense denounced by KRS 435.110 requires a reversal.

When the case was called for trial, the appellant filed his affidavit for a continuance and included therein the substance of the testimony which would be given by Leroy Vincent who had been summoned as a witness but was not present. The court overruled the motion for a continuance but

permitted certain parts of the affidavit to be read as the evidence of the absent witness. The appellant complains that the Commonwealth was not required to admit the truth of the affidavit.

Section 189, Criminal Code of Practice, specifically provides that in avoiding a continuance based upon an affidavit stating the absence of one or more material witnesses, and the facts which such witness or witnesses would, if present, state, the Commonwealth Attorney shall not be compelled to admit the truth of the matter which is alleged in the affidavit but only that such absent witness or witnesses would, if present, testify as alleged in the affidavit. The court may, if in its opinion the ends of justice require, grant a continuance unless the attorney for the Commonwealth admits the truth of the matter alleged in the affidavit. The question of granting a continuance and the circumstances under which it is granted or denied are largely within the discretion of the trial court, and unless it appears that there has been a clear abuse of discretion affecting a defendant's substantial rights, the ruling of the court on such a motion will not be disturbed on appeal. In this case, we are unable to say that the trial court abused his discretion in overruling the motion for a continuance and permitting the affidavit to be read as the testimony of the absent witness.

Among other things, the affidavit stated that the absent witness, if present, would state that he had sexual intercourse with the prosecutrix after the date upon which this offense is charged to have been committed. We have often held that evidence of voluntary sexual relations between the prosecutrix and others prior to the alleged offense is competent as substantive corroborative evidence on the issue of consent or as bearing upon the question of its probability. Grigsby v. Commonwealth, 299 Ky. 721, 187 S.W.2d 259, 159 A.L.R. 196. We have never held, and no authority is found elsewhere supporting the proposition, that testimony of lewd acts subsequent to the offense involved is competent.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.