STATE ex rel. UNION ELECTRIC COM-
PANY, a corporation, Relator,

v.

Honorable Michael J. SCOTT, Judge of Divi-
sion 2 of the 22nd Judicial Circuit of
the State of Missouri, Respondent.

No. 33889.

St. Louis Court of Appeals,
Missouri.

July 27, 1971.

Keefe, Schlafly, Griesedieck & Ferrell,
Joseph E. Birk, St. Louis, for relator.

Robert W. Van Dillen, City Counselor, Eugene P. Freeman, Associate City Counselor, St. Louis, for respondent.

WOLFE, Judge.

The Relator petitioned this court for a Writ of Mandamus directed to Judge Scott of the Twenty-second Judicial Circuit of Missouri. The area which the circuit covers is wholly within the City of St. Louis. The writ sought to compel the judge to exercise jurisdiction over a petition to review an order of the Air Pollution Board of St. Louis County. The judge had ruled that his court was without jurisdiction to review an order of the County Board and that the action should have been brought in the Twenty-first Judicial Circuit which is wholly within the boundaries of the county of which the City of St. Louis is not a part.

The sequence of events leading up to the alternative writ issued by this court appear to be as follows. There had been in effect in St. Louis County since June 15, 1967, an ordinance known as "The St. Louis County Air Pollution Control Code." The purpose of its enactment was to prevent the entrance of certain contaminants into the atmosphere of St. Louis County. It provided for a Director of Air Pollution Control and an Appeal Board in accordance with § 203.150, RSMo, V.A.M.S. The ordinance adopted as a part of its control code the "air quality standards and air quality pollution control regulations for the St. Louis Metropolitan Area" set out by the Missouri Air Conservation Commission and effective as of March 24, 1967.

The Union Electric Company, the Relator, operates a plant in St. Louis County known as Meramec Power Plant. The plant burns a grade of coal containing contaminants which are prohibited under the Air Pollution Control Regulations for the St. Louis Metropolitan Area. On February 23, 1968, the company, Relator, sought and was granted a variance as to certain units of its Meramec Power Plant and the variance was in effect in February, 1969. It was later extended until February 23, 1970. The company sought a further extension of the variance on February 20, 1970, and on March 25, 1970, the County Director of Air Pollution Control denied the application by the company for another extension on the ground that a further extension would not be permissible under Regulation X, Sec. B, Para. 1, of the Air Pollution Control Code of the St. Louis Metropolitan Area. The board affirmed the denial of the application and it is that denial that the company seeks to set aside in the Circuit Court of the City of St. Louis. Regulation X, Sec. B, Para. 1, on which the denial was predicated, is as follows:

"After three (3) years from effective date of this regulation, no persons shall cause or permit the emission of sulfur dioxide to the atmosphere from any fuel burning installation with a capacity of 2,000 million or more British Thermal Units per hour in an amount greater than 2.3 pounds of sulfur dioxide per million British Thermal Units of heat input to the installation."

The order made by the Air Pollution Appeal Board of the County contained the following statement:

"There being no issue of fact presented in this appeal, for the purpose of this Decision (for no other purpose) the facts alleged in the Petition dated February 20, 1970, are found to be true.

"The principal issue for determination by this Board is the question of law as to whether it has authority to grant the variance requested from Regulation X, Section B, Paragraph 1. After having heard and considered the arguments of counsel for Petitioner and St. Louis County, respectively, the Decision of this Board is that it does not have such authority.

"It is therefore ordered that the recommendation of the Director made under date of March 25, 1970, be accepted, and

that the request for variance made by Petitioner with respect to Regulation X, Section B, Paragraph 1 of the Air Pollution Control Regulations be and the same is hereby denied."

The Union Electric Company on June 10, 1970, moved in the Circuit Court of the City of St. Louis for a stay of the order of the Appeal Board pending a determination by the court of the company's appeal from the board's order. Upon the presentation of the motion for stay order to the court with counsel for the board present the court, sua sponte, raised a question of its jurisdiction of the appeal and of the order requested. Counsel for the board stated that he offered no objection to the court hearing the petition and the motion before it and waived any objection as to venue. The court thereafter denied the requested stay order and dismissed the petition for review of the board's decision "for lack of jurisdiction", citing § 508.060, RSMo, V.A.M.S., as its authority for so doing.

The part of the Section relied upon by the court is as follows:

"All actions whatsoever against any county shall be commenced in the circuit court of such county, and prosecuted to final judgment and execution therein * * *."

As stated above, the Union Electric Company sought mandamus in this court to order the judge to exercise jurisdiction over the petition before him and the motion in connection therewith. The respondent judge in his return again relies on § 508.060, RSMo, V.A.M.S., relating to suits against counties. We have no difficulty in determining that this is obviously not an action against the County of St. Louis.

The county ordinance provides that any final decision of the board may be appealed to the circuit court under provisions of the Missouri Administrative Act, Chapter 536, RSMo, V.A.M.S. Section 536.110, Paragraph 3, RSMo, V.A.M.S., provides that the venue of such cases if the plaintiff is a corporation may be in the county of its registered business office, which in this case is the City of St. Louis. It is the contention of the respondent in his return that the matter presented is beyond his jurisdiction since the section applies only to contested cases. This was considered in State ex rel. Leggett v. Jensen, Mo., 318 S.W.2d 353. The full subject of review was discussed in that case and in the subsequent case of Morrell v. Harris, Mo., 418 S.W.2d 20. The question was again thoroughly considered with an analysis of the controlling statutes. It is not essential to this action to elaborate on them here for the simple reason that counsel for the Board of Appeals waived any objection as to venue and the board does not here question it or seek to support the court's denial of jurisdiction.

■ The distinction between jurisdiction and venue has been established and frequently recognized. Jurisdiction rests primarily on factors that permit a court to render a valid judgment in a particular case. State ex rel. Lambert v. Flynn, 348 Mo. 525, 154 S.W.2d 52; Crockett Oil Company v. Effie, Mo.App., 374 S.W.2d 154. The fixing of venue in the county of a defendant's domicile confers a mere personal privilege which may be waived by the party entitled to assert it. Hutchinson v. Steinke, Mo.App., 353 S.W.2d 137. The party here asserted no contentions as to erroneous venue and specifically waived them and stood ready to try the issues presented.

■ For the reasons stated the trial court should exercise its jurisdiction to pass upon the issues before it and the related motion. The alternative writ is therefore made absolute.

BRADY, P. J., concurs.

DOWD, J., not participating.