## HEALTH ENTERPRISES OF AMERICA, INC., Appellant,

v.

## DEPARTMENT OF SOCIAL SERVICES, STATE of MISSOURI, Respondent.

### No. 47513.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 6, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1984.

Application to Transfer Denied
May 15, 1984.

John S. Sandberg, St. Louis, Benjamin G. Lipman, Philadelphia, Pa., for appellant.

Gregory Wayne Schroeder, General Counsel Division, Dept. of Social Services, Jefferson City, for respondent.

CRANDALL, Judge.

This is an appeal from the dismissal of a "petition for judicial review" of an administrative agency. We affirm.

Appellant, Health Enterprises of America, Inc., filed a complaint with the Administrative Hearing Commission seeking a determination that respondent, Department of Social Services, State of Missouri, had wrongfully disallowed certain Medicaid payments to appellant. A hearing was held and on February 10, 1982, the Commission rendered a decision, to be effective February 22, 1982, that there was no wrongful disallowance by respondent.

On March 24, 1982, appellant filed its petition for review in the Circuit Court of St. Louis County. Respondent then filed its "Motion to Dismiss Because of Untimely Filing and in the Alternative Because of Improper Venue." On July 13, pursuant to a stipulation signed by the parties, an order was entered transferring the case to the Circuit Court of the City of St. Louis. On November 10, 1982, respondent's motion to dismiss was argued and overruled. Thereafter, the motion to dismiss was argued before a different division of the circuit court and sustained because of improper venue of the original petition. All action taken in the proper venue was past the thirty days allowed for filing for review.

The dispositive issue is whether venue, in the case of an appeal from the decision of an administrative agency in a "contested" case, is a matter of subject matter jurisdiction and therefore not amenable to waiver or being conferred by consent of the parties.

It is conceded by appellant that the filing of its petition for review in the Circuit Court of St. Louis County was improper and that venue was proper only in the Circuit Court of the City of St. Louis or the Circuit Court of Cole County. § 536.110.3,

RSMo (1978).[1] It is further conceded that this is a contested case and therefore § 536.110.1 is applicable. Section 536.110.1 provides: "Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision."

 Article V, § 18 of the Missouri Constitution provides that review of the decisions of an administrative agency shall be "as provided by law." Section 536.110.1 provides the time limitation in which an appeal can be taken and § 536.110.3 designates which court can review that decision. When a statute designates a particular court with authority to judicially review the decision of an administrative agency, a question of subject matter jurisdiction rather than venue is involved. *Gaslight Real Estate Corp. v. Labor & Industrial Relations Commission,* 604 S.W.2d 818, 820 (Mo.App.1980). A petition for review filed in the circuit court in a county not designated by statute does not engage the jurisdiction of the court to adjudicate the subject matter. *See Dorrell Re-Insulation v. Director of Revenue,* 622 S.W.2d 516, 519 (Mo.App.1981). Unlike personal jurisdiction, subject matter jurisdiction cannot be conferred or waived by agreement of the parties. *Lafayette Federal Savings and Loan Association of Greater St. Louis v. Koontz,* 516 S.W.2d 502, 504 (Mo.App. 1974).

In this case appellant first filed its petition in the Circuit Court of St. Louis County, a court which did not have subject matter jurisdiction to hear the case.[2] The filing of the petition was a legal nullity that did nothing to toll the time limitations of § 536.110.1.[3] The later transfer of the case to the Circuit Court of the City of St. Louis, a designated court, but beyond the statutory time limitation of thirty days was insufficient to confer subject matter jurisdiction on that court.

The order of the trial court dismissing appellant's petition for review is affirmed.

KAROHL, P.J., and REINHARD, J., concur.

1. All further statutory references are to RSMo (1978).

2. For the purposes of this opinion we do not reach the issue of whether appellant should have filed its petition within thirty days of February 10, 1982, the date of the decision by the Commission, or within thirty days of February 22, 1982, the effective date of the decision of the Commission.

3. *State ex rel. Union Electric Co. v. Scott,* 470 S.W.2d 1 (Mo.App.1971), cited by appellant in support of its position, is inapposite. That case was a non-contested case which was subject to the general venue rule, rather than a contested case which has a special statutory venue provision. *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105, 107 (Mo. banc 1983).