STATE of Missouri, ex rel. CITY OF SPRINGFIELD, Missouri, Relator,

v.

The Honorable Clifford J. CROUCH, Circuit Judge, Respondent.

No. 13803.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 22, 1985.

Motion for Rehearing and Transfer to Supreme Court
Denied March 15, 1985.

Application to Transfer Denied
April 30, 1985.

Howard C. Wright, Jr., City Atty., Dennis E. Budd, Asst. City Atty., Springfield, for relator.

Douglas W. Greene III, Springfield, for respondent.

PREWITT, Chief Judge.

Terry W. Ellerman, formerly a fireman employed by relator, filed a petition in the circuit court of Christian County seeking review of a decision of the Springfield Personnel Board which affirmed his dismissal for "conduct unbecoming an officer or employee of the city." Apparently Ellerman had been convicted of manufacturing marijuana. Relator filed a motion to dismiss that petition on two grounds: (1) improper venue, and (2) because Ellerman had later filed another petition for review in the Circuit Court of Greene County. When the motion was overruled, relator filed a petition for writ of prohibition here. We issued a preliminary order.

We first discuss relator's point that venue in Christian County was improper. Relator contends that since it is a municipal corporation located entirely within Greene County, under § 508.050, RSMo 1978, suit against it can only be brought in Greene County. Respondent determined that § 536.110.3, RSMo 1978, controls and that venue was proper in Christian County where Ellerman resides. Those sections are set forth below.[1]

Section 536.110.3 may indicate that it contemplates only appeals from state agencies, as distinguished from agencies of local governments, but except for venue relator acknowledges that the remaining provisions of Chapter 536, The Administrative Procedure and Review Act, apply. Missouri cases so state. The Administrative Procedure and Review Act applies to "contested cases" in municipal agencies. *Hunter v. Madden*, 565 S.W.2d 456, 458–459 (Mo.App.1978) (citing *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353, 356 (Mo. banc 1958)). See also Davis, The Missouri Administrative Procedure Act And the Cities, 35 J.Mo.B., 433, 434 (1979) ("Missouri appears to be unique in making its APA directly applicable to municipalities").

1. § 508.050 states:

Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which the municipal corporation is situated, or if the municipal corporation is situated in more than one county, then suits against the municipal corporation shall be commenced only in that county wherein the seat of government of the municipal corporation is situated; except that suits may be brought against a city containing more than four hundred thousand inhabitants in any county in which any part of the city is situated.

§ 536.110.3, a part of the Missouri Administrative Procedure and Review Act, states:

The venue of such cases shall, at the option of the plaintiff, be in the circuit court of Cole county or in the county of the plaintiff or of one of the plaintiff's residence or if any plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. The court in its discretion may permit other interested persons to intervene.

The dispute heard here by the personnel board, being between a discharged employee and the employer, is a "contested case" as that term is defined in § 536.010(2), RSMo 1978. *Mills v. Federal Soldiers Home,* 549 S.W.2d 862, 865 (Mo. banc 1977). See also *Citro v. City of Lee's Summit,* 658 S.W.2d 86, 87 (Mo.App.1983) (hearing before Personnel Hearing Board on two five-day suspensions, a contested case).

■ Of course, the provisions of a specific statute prevail over a general one. *State ex rel. Fort Zumwalt School Dist. v. Dickherber,* 576 S.W.2d 532, 536 (Mo. banc 1979). Following that principle and the statement in § 536.100, providing for judicial review under Chapter 536 "unless some other provision for judicial review is provided by statute", cases have said that where venue for review of decisions of certain agencies has been specifically provided for, § 536.110.3 does not apply to them. Examples of this are shown in *State ex rel. State Tax Comm'n v. Luten,* 459 S.W.2d 375 (Mo. banc 1970); *State ex rel. State Tax Comm'n v. Walsh,* 315 S.W.2d 830, 835 (Mo. banc 1958); *Brogoto v. Wiggins,* 458 S.W.2d 317, 319 (Mo.1970); and *Tuffli v. Board of Ed.,* 603 S.W.2d 77 (Mo.App.1980). See also *State ex rel. Ballard v. Luten,* 555 S.W.2d 855, 858 (Mo.App.1977) (The provisions of Chapter 536 with respect to appeal do not apply to agencies with review provisions provided by special statute).

■ As relator contends, § 508.050 "recognizes and protects the local interest of a municipal corporation by requiring that all suits against the municipal corporation be brought 'in the county in which the municipal corporation is situated.' This avoids the necessity of local government officials defending suits in courts across the state." *State ex rel. Milham v. Rickhoff,* 633 S.W.2d 733, 735 (Mo. banc 1982).

Were this other than a petition for judicial review of a contested case, then § 508.050 might apply. See *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105 (Mo. banc 1983); *State ex rel. State Bd. of Registration for the Healing Arts v. Elliott,* 387 S.W.2d 489, 492–493 (Mo. banc 1965); *State ex rel. State Tax Comm'n v. Walsh,* supra, 315 S.W.2d. at 835.

■ Section 536.110.3 applies to a contested case "unless some other provision for judicial review is provided by statute". § 536.100, RSMo 1978. The latter is set out in full below.[2] Rule 100.01 states: "The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review." We find neither of the stated exceptions. Section 508.050 is not "some other provision for judicial review" or a statute governing relator containing different provisions for judicial review. It is a general venue statute for suits brought against a municipal corporation.[3]

■ Provisions for judicial review of contested administrative cases are more specific than the general venue statutes. Section 536.110.3 is a specific provision for judicial review of contested cases proceeding under Chapter 536, including those against a municipal corporation. As between the two

2. Section 536.100, RSMo 1978 provides:
Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute; provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section. Unreasonable delay on the part of any agency in deciding any contested case shall be grounds for an order of the court either compelling action by the agency or removing the case to the court for decision.

3. It is unnecessary for us to decide if a petition for judicial review can be a "suit" as contemplated by § 508.050. See *State ex rel. Union Elec. Co. v. Scott,* 470 S.W.2d 1, 3 (Mo.App. 1971).

sections in question, § 536.110.3 is the specific and controlling statute. Section 536.-110 is specific as to judicial review, but may be the more general statute where there is a special venue provision governing review of decisions from a particular agency. Otherwise, § 536.110.3 controls venue when there is judicial review of a contested case. Venue in Christian County was proper. This point is denied.

Relator's remaining point contends that venue was conclusively established in Greene County because Ellerman alleged in the petition filed there, and relator admitted, that venue was proper. In this point relator also states that the motion should have been sustained under Rule 55.27(a)(10) because there was "another action pending between the same parties for the same cause in this state".

Ellerman filed his petition in Christian County on October 27, 1983. On November 2, 1983, a similar petition was filed in the Circuit Court of Greene County. Each alleged that the court in which they were filed "has jurisdiction and proper venue pursuant to § 536.110". In the Greene County case relator admitted that venue was proper. The record indicates that the petition filed in Christian County was served on relator before the petition in Greene County was filed.

■ Ellerman's alleging that venue was proper in Greene County and relator agreeing, does not mean that the Christian County Circuit Court did not have jurisdiction to proceed. That venue is proper in one county does not establish that venue could not be proper in another county. Often a plaintiff has an option of two or more counties in which to file. However, as discussed under the previous point, here the Greene County Circuit Court was not a proper place for the petition to be filed.

*State ex rel. Kincannon v. Schoenlaub,* 521 S.W.2d 391 (Mo. banc 1975), held that where two suits are pending over the same controversy between the parties the first petition filed invokes the jurisdiction of the court where it is filed and that court had jurisdiction to proceed. It stated that previously the general rule was "that where two actions involving the same subject matter are brought between the same parties in courts of concurrent jurisdiction, the Court in which service of process is first obtained acquires exclusive jurisdiction of the cause, and may dispose of the whole controversy without the interference of any other court." 521 S.W.2d at 393. The opinion stated that the cases supporting that general rule "which was applicable prior to adoption of amended Rule 53.01 [effective December 1, 1972] should no longer be followed." 521 S.W.2d at 395.

Rule 53.01 remains the same, but cases subsequent to *Kincannon* have cited it for the prior rule. See *State ex rel. General Dynamics v. Luten,* 566 S.W.2d 452, 458 (Mo. banc 1978); *State ex rel. Nesbit v. Lasky,* 546 S.W.2d 51, 53 (Mo.App.1977). See also *State ex rel. J.E. Dunn, Jr. & Associates v. Schoenlaub,* 668 S.W.2d 72, 74 (Mo. banc 1984) (following *State ex rel. General Dynamics v. Luten,* supra).

■ Although we favor the rule adopted in *State ex rel. Kincannon,* as it prevents avoidance of service from being critical, we need not decide what rule should be applied here. Nor do we need to decide if the rules discussed require a dismissal, where, as here, the same party files both petitions. Filing and service of the Christian County petition took place before the Greene County filing. If there is a defense applicable because of the dual filings, it is to the Greene County proceeding. The Christian County Circuit Court had jurisdiction and filing the petition in Greene County did not oust it from that jurisdiction.[4] The second point is denied.

---

4. We do not decide whether, by relator agreeing to the venue, jurisdiction could be conferred on the Greene County Circuit Court absent it having venue under § 536.110.3. See *Health Enterprises of America v. Department of Social Servic-* es, 668 S.W.2d 185 (Mo.App.1984); *Gaslight Real Estate v. Labor & Indus. Relations Comm'n,* 604 S.W.2d 818 (Mo.App.1980); cf. *State ex rel. Union Elec. Co. v. Scott,* supra, 470 S.W.2d at 3.

Respondent had jurisdiction to proceed. The preliminary order is quashed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.