Richard E. CASEY, M.D.,
Petitioner-Appellant,

v.

DEPARTMENT OF SOCIAL
SERVICES, Respondent.

No. 52051.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 7, 1987.

James C. Ochs, Clayton, for petitioner-appellant.

Jon Arthur Kaltenbronn, Jefferson City, for respondent.

DOWD, Judge.

Petitioner, Richard E. Casey, M.D., appeals from an order of the trial court sustaining respondent's motion for summary judgment entered on a petition for review of a final decision of the Administrative Hearing Commission. We affirm.

The facts are undisputed. The Department of Social Services, in a letter dated January 18, 1985, notified appellant that his Medicaid vendor status would be terminated because *inter alia,* he submitted claims and received payment for services not performed by him. Appellant was also informed in the letter that he had thirty days from the date the letter was mailed in which to file an appeal with the Administrative Hearing Commission.

Appellant's complaint was filed with the commission on February 20, 1985; three days after the right of appeal had expired. On March 14, 1985, respondent filed a responsive pleading but subsequently, on May 29, 1985, filed a motion to dismiss for lack of jurisdiction based on appellant's failure to timely appeal. The Administrative Hearing Commission then entered an order of dismissal which stated that "Petitioner's Complaint is dismissed for lack of subject matter jurisdiction in that Petitioner's Complaint was filed ... more than thirty days after Respondent issued its Final Decision." Appellant then filed a petition for review in the circuit court upon which a motion for summary judgment was sustained.

Appellant makes the following contentions on appeal: The trial court erred in sustaining respondent's motion for a summary judgment in that (1) appellant's failure to timely file results in a lack of personal jurisdiction rather than subject matter jurisdiction and thus, was waived by respondent when it filed a responsive pleading; and (2) appellant's petition for review properly raised allegations of error for review in the trial court.

■ Appellant's first contention addresses the issue of whether failure to timely file results in a lack of personal jurisdiction or subject matter jurisdiction. If construed as a lack of personal jurisdiction, the responsive pleading serves as a waiver of appellant's failure to timely file whereas a lack of subject matter jurisdiction cannot be waived. Rule 55.27(g).

Article V, § 18 of the Missouri Constitution provides that review of an administrative decision "shall be as provided by law." Section 208.156.8, RSMo 1986, provides:

> Any person authorized under § 208.153 to provide services for which benefit payments are authorized ... and who is entitled to a hearing ... shall have thirty days from the date of mailing or delivery of a decision of the department of Social Services ... to file his petition for review with the Administrative Hearing Commission....

Failure to comply with statutory time limitations for an appeal from an agency decision, "whether to another administrative body or to the circuit court—results in lapse of jurisdiction and right of appeal." *Cardinal Glennon Mem. Hosp. v. Dir. of Rev.,* 624 S.W.2d 115, 118 (Mo.App.1981). Authority to review an administrative agency decision is a question of subject matter jurisdiction. *Health Enterprises v. Dept. of Social Services,* 668 S.W.2d 185, 187 (Mo.App.1984). Unlike personal jurisdiction, subject matter jurisdiction cannot be waived. *Id.*

Appellant failed to file his petition within the time allowed by statute and appellant's petition was, therefore, properly dismissed by the Administrative Hearing Commission for lack of subject matter jurisdiction. Consequently, we find no error by the trial court in sustaining respondent's motion for summary judgment. Point denied.

■ Appellant, in his second point, contends his petition for review properly presented allegations of error for review in the trial court. Appellant's petition alleges the decision of the Administrative Hearing Commission is "in violation of constitution-

al provisions, in excess of statutory authority of jurisdiction of the agency, unsupported by competent evidence, unauthorized by law, made upon lawful procedure, arbitrary and capricious, and involves an abuse of discretion."

Because the Administrative Hearing Commission lacked subject matter jurisdiction, the order of dismissal was proper and cannot be characterized as "arbitrary and capricious." The trial court was, therefore, not in error in sustaining the motion for summary judgment. Point denied.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.