**ALFORD ADVERTISING, INC., Appellant,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent.**

**No. WD 53143.**

Missouri Court of Appeals, Western District.

March 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Allan Brent Turner, Chillicothe, for appellant.

Robert Hibbs, Jefferson City, for respondent.

SPINDEN, Judge.

When the Missouri Highway and Transportation Commission ordered Alford Advertising, Inc., to remove two of its outdoor advertising signs, Alford Advertising filed a petition for judicial review of the commission's decision with the circuit court in Clinton County. The commission filed a motion to dismiss Alford Advertising's petition for judicial review. The commission alleged that the circuit court lacked subject matter jurisdiction to hear the claim. The circuit court granted the commission's motion to dismiss, and Alford Advertising appeals. We affirm.

In its only point on appeal, Alford Advertising asserts that the circuit court erred in dismissing its petition and should have transferred its case to the proper venue. We disagree.

Section 536.110(3), RSMo 1994, provides that when a plaintiff seeks review of an administrative decision:

The venue of such cases shall, at the option of the plaintiff, be in the circuit court of Cole County or in the county of the plaintiff or one of the plaintiff's residence or if any plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office.

Alford Advertising maintains its registered office in Livingston County. It does not maintain any business offices in Clinton County. Thus, its filing of its petition for judicial review in Clinton County was improper.

In *Collins and Associates Dietary Consultants, Inc. v. Labor and Industrial Relations Commission,* 724 S.W.2d 243, 244–45 (1987), the Missouri Supreme Court instructed:

Where a statute places the authority to judicially review an administrative decision in the circuit court of a particular county, a question of subject matter jurisdiction rather than venue is involved. A court which is not statutorily vested with review authority lacks subject matter jurisdiction.... Where a court has no subject matter jurisdiction, its proceedings are absolutely void.... The only recourse of a court which lacks subject matter jurisdiction of a cause is dismissal of the cause.

*See also Health Enterprises of America, Inc. v. Department of Social Services,* 668 S.W.2d 185 (Mo.App.1984).

Venue is a personal privilege, and a party may waive it. *Sullenger v. Cooke Sales and Service Company,* 646 S.W.2d 85, 88 (Mo. banc 1983), *rev'd on other grounds, State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820 (Mo. banc 1994). Alford and the commission, however, could not waive the venue requirements of § 536.110(3). Livingston County or Cole County were the only options available. They could not waive venue in any other county. This rendered venue a jurisdictional issue. Hence, the Circuit Court of Clinton County lacked subject matter jurisdiction and could take no action other than to dismiss the case.

Alford Advertising contends that § 476.410, RSMo 1994, gave the circuit court the authority to transfer venue of the case. That section says, "The division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." This statute deals with mistaken venue. "Venue has to do with the place of the proceeding, not with the power of the court to act." *Pool v. Director of Revenue,* 824 S.W.2d 515, 517 (Mo.App.1992). Because the circuit court in Clinton County lacked subject matter juris-

diction over the case, it had no authority to do anything other than to dismiss the case.

*Collins* remains good law although the General Assembly enacted § 476.410 after the Supreme Court handed down that decision. *Payne v. Director of Revenue,* 905 S.W.2d 107, 109 n. 2 (Mo.App.1995).

We affirm the circuit court's judgment.

LOWENSTEIN, P.J., and HOWARD, J., concur.