**Cleatus Ray OLLER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–000977–MR.

Court of Appeals of Kentucky.

Aug. 21, 2009.

Before MOORE and NICKELL, Judges; HARRIS,[1] Senior Judge.

*OPINION*

HARRIS, Senior Judge:

Cleatus Ray Oller, *pro se,* appeals from the denial of his motion for post-conviction relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. He argues that the trial judge lacked authority to entertain his motion. We affirm.

In 1983, Oller pled guilty to murder in Bullitt Circuit Court and received a sentence of life imprisonment. The trial court denied Oller's motion for post-conviction relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. This Court affirmed in a not-to-be published opinion. *Oller v. Commonwealth,* 1983–CA–001329–MR (rendered March 13, 1987). In 1990, Oller filed a motion pursuant to CR 60.01 to correct an error in the judgment. He argued that the judgment erroneously designated the charge as a capital offense. The trial court granted Oller's motion without a hearing and modified the judgment to reflect that Oller entered a guilty plea to murder and struck the designation of capital offense.

In June 2006, Oller filed a motion pursuant to CR 60.02 asserting that his 1983 guilty plea was invalid because it was based on mistake and asserting that the trial court erred by granting his 60.01 motion in 1990 without an evidentiary hearing. Oller's 2006 CR 60.02 motion was denied by Bullitt Circuit Court by an order entered on May 1, 2008. It is this order from which Oller appeals.

■ Oller's primary argument on appeal is that his CR 60.02 motion was heard and

Cleatus Ray Oller, Eddyville, KY, pro se.

Jack Conway, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Frankfort, KY, for appellee.

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

decided by a judge who lacked authority to do so. We have examined the record, from which we glean the following: Oller's CR 60.02 motion first came before Hon. Thomas L. Waller, the then-regular judge of Bullitt Circuit Court.[2] Judge Waller recused by an order entered June 29, 2006. That order provided that copies were to be sent to the Chief Regional Judge and to the Senior Status Judge Program Administrator "... for the appointment of the Hon. Steve Ryan, Senior Judge, to preside further in this case." The record does not contain an order appointing Senior Judge Ryan as special judge, but it does contain an order signed by Judge Ryan on November 22, 2006, allowing Oller to proceed *in forma pauperis.* Thereafter, it appears that Hon. Rodney Burress succeeded Judge Waller as a regular judge of Division I of Bullitt Circuit Court. In that capacity, and without objection being raised before, during, or after the hearing, Judge Burress heard Oller's CR 60.02 motion on December 3, 2007, and denied it by the order entered on May 1, 2008.

From the state of the record it appears that the procedures for appointment of a special judge as set forth in KRS 26A.020 were not followed. That statute calls for the clerk to certify to the Chief Justice the fact of the regular judge's inability to act in the case, and then for the Chief Justice [3] to designate a special judge. Had Oller raised objection to Judge Ryan acting in his case between the date of Judge Waller's recusal and Judge Burress' assumption of office as regular judge, his objection would have had merit. But when Judge Burress succeeded Judge Waller as regular judge of Bullitt Circuit Court,

Judge Burress became the judge properly acting in the case, and in that capacity he was authorized to hear and decide Oller's CR 60.02 motion. *Brutley v. Commonwealth,* 967 S.W.2d 20 (Ky.1998).

■ We also believe that any objection which Oller might have had to Judge Burress hearing and ruling on his CR 60.02 motion was waived by his failure to raise same in the trial court. *Bussell v. Commonwealth,* 882 S.W.2d 111 (Ky.1994).

■ Before turning to the merits of Oller's remaining arguments, we will first address his motion's timeliness. CR 60.02(f) provides that a motion thereunder "shall be made in a reasonable time." Oller's original guilty plea was entered in 1983. The basis of Oller's current motion is that the trial court erred by *granting* his CR 60.01 motion without a hearing in 1990. Oller did not file the current CR 60.02 motion until June 2006. Under these circumstances, sixteen years is simply not a reasonable time. The trial court did not abuse its discretion by denying Oller's motion.

Accordingly, the order of the Bullitt Circuit Court is affirmed.

ALL CONCUR.

---

**2.** The Fifty-fifth Judicial Circuit, comprised of Bullitt County, KRS 23A.020(55), became a two-judge circuit with two numbered divisions effective January 1, 2007. 2006 Kentucky Acts, Ch. 250, Part V, Section 1.

**3.** Or the Chief Justice's designee under the Regional Administration Program Charter or under the Guidelines for the Senior Status Program for Special Judges.