RENDERED: APRIL 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0039-MR

ALAN WILLIAMS                                                    APPELLANT

v.
APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 07-CR-00164-002

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND ECKERLE, JUDGES.

THOMPSON, CHIEF JUDGE: Alan Williams (Appellant), *pro se*, appeals from

an order of the Boyd Circuit Court denying his motion for CR[1] 60.02 relief from

judgment. He argues that the circuit court abused its discretion in denying the

---

[1] Kentucky Rules of Civil Procedure.

motion without a hearing and in failing to grant the requested relief on a void judgment. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

In 1997, Appellant was in the custody of the Boyd County Detention Center. He escaped and traveled to Arizona. Arizona authorities arrested Appellant for offenses committed in that state, where a criminal judgment was entered against him, and he served a prison sentence.

In 2007, the Boyd County grand jury indicted Appellant for his 1997 escape from the Boyd County Detention Center and for being a persistent felony offender (PFO) in the first degree. Appellant was transported to Kentucky and arraigned. Appellant moved to dismiss the charges, alleging interstate-detainer violations.[2] This challenge was abandoned when Appellant entered a guilty plea on July 7, 2007. Two months later, Appellant was sentenced to two years in prison on the escape charge.

On December 12, 2023, Appellant filed a motion for relief under CR 60.02(e)-(f). In support of the motion, he argued that the violations of the Interstate Agreement on Detainers deprived the Boyd Circuit Court of authority to accept his 2007 guilty plea. Without a hearing, the circuit court denied Appellant's CR 60.02 motion upon finding that 1) it was not timely made; 2) it was previously

---

[2] *See* Kentucky Revised Statutes (KRS) 440.450.

made in 2007 and 3) it was waived by the entry of his 2007 guilty plea. This appeal followed.

CR 60.02 states:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

"Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. The test for abuse of discretion is whether the trial court's decision was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court. The rule provides that a court may grant relief from its final judgment or

-3-

order upon various grounds. Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Id.* (citations omitted).

Appellant moved for relief under CR 60.02(e)-(f). A motion made under section (e) or (f) must be made "within a reasonable time[.]" CR 60.02. Appellant's motion was filed after the matter had been dormant for 16 years. In *Oller v. Commonwealth*, 292 S.W.3d 332 (Ky. App. 2009), a panel of this Court affirmed the Bullitt Circuit Court's determination that a CR 60.02 motion brought 16 years after the failure to hold a hearing was not made within a reasonable time. Delays of 18 years and 3 years have been found not to have been made within the reasonable time requirement of CR 60.02. *See Stoker v. Commonwealth*, 289 S.W.3d 592 (Ky. App. 2009); *Carroll v. Carroll*, 569 S.W.3d 415 (Ky. App. 2019). What constitutes a reasonable time is dependent on the facts of the case. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

Per *Age*, *supra*, the salient question is whether the Boyd Circuit Court abused its discretion in denying Appellant's motion for relief, *i.e.*, whether its decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Given the 16-year delay in filing the CR 60.02 motion, the requirement that such motions must be brought within a reasonable time, and as such motions

should be granted only "with extreme caution and only under the most unusual and compelling circumstances," *Age*, 340 S.W.3d at 94, we conclude that the Boyd Circuit Court did not abuse its discretion in denying Appellant's CR 60.02 motion. The untimeliness of the motion, taken alone, forms a sufficient basis for denying the relief sought.

## **CONCLUSION**

For the foregoing reasons, we find no error and affirm the order of the Boyd Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Alan Williams, *pro se*                    Russell Coleman
West Liberty, Kentucky                    Attorney General of Kentucky

                                        Ken W. Riggs
                                        Assistant Attorney General
                                        Frankfort, Kentucky