STATE ex rel. HANCOCK–GROSS, Plaintiff-Respondent,

v.

Honorable Leonard E. MARTIN, Defendant-Appellant.

No. 39908.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 21, 1979.

Christine C. Pernoud, Ass. County Counselor, Clayton, for defendant-appellant.

William H. Leyhe, Clayton, Lawrence F. Hartstein, St. Louis, for plaintiff-respondent.

CRIST, Judge.

Attempted appeal by Magistrate from writ of prohibition in a civil case. The

Magistrate does not show how he, or the magistrate court, was aggrieved. The aggrieved party, plaintiff below, chose not to appeal. The appeal must be dismissed.

Carl Kelsey filed a contract action in the Magistrate Court of the County of St. Louis against Hancock-Gross, defendant below. The Circuit Court of the County of St. Louis issued a writ of prohibition, at the request of Hancock-Gross. It directed that the Magistrate proceed no further in the civil suit, for the reason that service upon Hancock-Gross was insufficient.

Carl Kelsey, plaintiff below, did not appeal from the writ of prohibition. The Magistrate followed appeal procedure to this court, with the St. Louis County Counselor's office as his attorneys.

A final judgment in prohibition is reviewable by motion for new trial and appeal as in other civil actions. Section 530.080 RSMo 1969. The lawsuit ended when Carl Kelsey, plaintiff below, chose not to complain about the issuance of the writ of prohibition. There is no justiciable controversy between the parties. Appellant was not an aggrieved party by the judgment of the circuit court in issuing the writ of prohibition as required by § 512.020 RSMo 1969. *Freeman v. De Hart,* 303 S.W.2d 217, 221 (Mo.App.1957). *See also Hertz Corp. v. State Tax Commission,* 528 S.W.2d 952, 954 (Mo.banc 1975).

An appeal taken without statutory sanction confers no authority upon an appellate court to adjudicate the merits of a dispute. *Campbell Street Lumber Co. v. Central Mortgage Co.,* 436 S.W.2d 57 (Mo.App.1968).

The appeal is dismissed.

REINHARD, P. J., and GUNN, J., concur.