Honorable Darrel MULLINS, Pike District Judge, Appellant,

v.

George David HESS, Appellee.

No. 2003–CA–000550–MR.

Court of Appeals of Kentucky.

April 2, 2004.

Phil A. Stalnaker, Pikeville, KY, for appellant.

John Palombi, Assistant Public Advocate, Frankfort, KY, for appellee.

Before GUIDUGLI, MINTON, and VANMETER, Judges.

## OPINION

MINTON, Judge.

This is an appeal by a judge of the Pike District Court from a writ of prohibition entered by the Pike Circuit Court. The writ prohibited the district judge from enforcing an order reinstating the original sentence which he had imposed upon George David Hess following Hess's plea of guilty to charges of driving while under the influence. Though the procedural history of the case is unusual, it presents only the narrow legal question of whether, in a judicial district with two or more divisions, a judge may modify the terms of a sentence imposed by another judge.

On September 25, 2002, Hess entered a plea of guilty to the second-offense DUI before the Honorable Darrel Mullins in Pike District Court, Division No. 1. Assistant Public Advocate James Adkins was Hess's attorney of record at the time of the plea and sentencing. Judge Mullins imposed a sentence of fourteen consecutive weekends to serve in the Pike County Jail, beginning on Friday, October 4, 2002.

Two days before Hess was supposed to report to jail to begin serving his first weekend, the Honorable Kelsey E. Friend, Jr., Pike District Court, Division No. 2, signed an agreed order tendered to him by the Pike County Attorney, Howard Keith Hall, and attorney John Doug Hays, who ostensibly represented Hess, which modified the sentence imposed by Judge Mullins. Under the agreed order, Hess's sentence was changed from weekends in jail to eighty-four days of home incarceration. Hess then began serving home incarceration, and he continued to do so for approximately twenty-four days until Judge Mullins removed him from home incarceration pending a hearing.

Following a hearing on November 1, 2002, Judge Mullins issued an order reinstating the sentence of fourteen consecutive weekends in jail. Hess brought an action in Pike Circuit Court to prohibit Judge Mullins from enforcing that order.[1]

The circuit court rejected Judge Mullins's argument that he was the only judge with jurisdiction over Hess and that Judge Friend had no jurisdiction. It cited Kentucky Revised Statutes (KRS) 26A.040, which provides that any judge presiding over one division of a court with multiple divisions may hear and determine any case or question in any other division. Because Judge Mullins's latest order was not timely entered, Judge Friend's order modifying Hess's sentence was reinstated by the circuit court.

In its opinion, the circuit court pointed to the "political infighting" occurring between these two district judges. At the time of Hess's case, the Pike County Attorney was running for the district bench held by Judge Mullins. Judge Mullins alleges on appeal that Judge Friend supported Hays's bid, and that the modification was made to help Hays in the election. Aside from the obvious inference that something unusual was going on between the district judges, we have no basis for believing or disbelieving Judge Mullins's accusations because there is no evidence in the record to support or refute them.

We agree with the circuit court that judges are expected to rise above such political infighting. However, we are somewhat surprised by the circuit court's suggestion that "[i]n order to eliminate

---

1. We have been presented with no argument regarding the timing of Hess's prohibition action. Similarly, there was no contention made before the circuit court or on appeal that Hess had an inadequate remedy by appeal. We, therefore, will not reach either issue.

such political infighting this Court suggest[s] that [Judge Mullins] appeal this decision to the Court of Appeals and ultimately to the Supreme Court if necessary to avoid future situations as this." While our resolution of the case will serve to settle the underlying legal question as presented to us, a referral of the matter to the Judicial Conduct Commission and/or disciplinary authority of the Kentucky Bar Association is better suited to address allegations of individual misconduct.

 Before addressing the merits of Mullins's appeal,[2] we must consider several preliminary matters. By the time of this opinion, Hess presumably would have served any sentence imposed by the district court whether on home incarceration or in the county jail. However, because this fact pattern is capable of repetition but, in every instance, could be made moot by the passage of time before we could hear the merits of the appeal, it should not be dismissed as moot.[3]

 Further adding to the unusual nature of this appeal is that Judge Mullins alone, not the Commonwealth of Kentucky as prosecutor, chose to appeal the circuit court's entry of a writ of prohibition. Typically, the judge in a mandamus or prohibition action is "a party in name only."[4] In the usual prohibition action, the trial judge has no interest in the outcome of the litigation, and no connection to it other than the obligation to abide by the Court of Appeals' decision. Indeed, although the trial judge is the named party, the final order of the appellate court is binding on whoever holds the office of trial judge at the time of the decision.

Recognizing this problem, in 1985 [the Supreme Court] amended the Civil Rules, CR 76.36(2) and (8), to provide that the "real party in interest" as well as the "party [judge] against whom relief is sought" can "file a response" to a petition seeking prohibition or mandamus against a trial judge. We define "real party in interest" in this Rule as "any party in the circuit court action from which the original action arises who may be adversely affected by the relief sought pursuant to this Rule."[5] The real party in interest in the trial court is the person who will be adversely affected if the Petition is granted; he may respond and defend even though the trial judge does not. It is this party and not the trial judge who has an interest in perfecting the appeal when the writ of prohibition or mandamus is granted.[6]

In fact, we have held that the judge's interest in a mandamus action is nonexistent to the point that a failure to name the

---

**2.** It is only because of the unique legal issue presented that we will address the merits of the appeal at all. Judge Mullins's brief does not comply with Ky. R. Civ. P. (CR) 76.12(4)(c)(iv) and (v) in that it contains no citation to the record. While we have chosen not to do so, we are authorized under CR 76.12(8) to strike his brief and/or dismiss the appeal.

**3.** *See, e.g., State ex rel. Beacon Journal Publishing Co. v. Donaldson,* 63 Ohio St.3d 173, 586 N.E.2d 101 (1992), for an application of the so-called "capable of repetition but evad-

ing review" doctrine in the context of a prohibition action in a criminal case.

**4.** *Sweasy v. King's Daughters Mem. Hosp.,* Ky., 771 S.W.2d 812, 817 (1989).

**5.** The Court in *Sweasy* was concerned with original actions in the Court of Appeals. However, the reasoning in *Sweasy* was held to apply to all mandamus/prohibition actions in *Stallard v. McDonald,* Ky.App., 826 S.W.2d 840, 842 (1992).

**6.** *Sweasy, supra,* at 817.

judge in the notice of appeal has no effect on the resolution of the merits.[7]

■ However, our rules do make provision for a response or appeal by the judge individually. Although the parties have not cited us to, nor has our research discovered, established Kentucky precedent dealing with the question of under what circumstances a judge's individual response is appropriate, we find *State ex rel. Hancock–Gross v. Martin*[8] instructive on that point. In *Hancock–Gross*, the Missouri Court of Appeals held that a magistrate could appeal the issuance of a writ of prohibition only upon a showing that the magistrate or the magistrate court had been aggrieved. Absent that showing, there is no justiciable controversy between the party who succeeded in obtaining the writ and the magistrate against whom it was entered.[9] We agree that in order for the judge to appeal, the judge must make some showing that the court has been aggrieved.

In this case, Judge Mullins asserts that he has been aggrieved because his jurisdiction has been improperly usurped by another judge. If he is correct, then he would have a justiciable interest sufficient to allow pursuit of an appeal without the participation of the Commonwealth.

KRS 26A.040 provides:

(1) Proceedings in any court having divisions shall be valid when prosecuted in any division thereof.

(2) Any judge presiding over a division of a court mentioned in subsection (1) may hear and determine any case or question in any other division.

While Judge Mullins argues that we should construe the statute as only applying to preliminary proceedings, we see no reason to narrow the language used by the General Assembly. "When determining legislative intent, courts must refer to the language of the statute rather than speculate as to what may have been intended but was not expressed. In other words, courts 'may not interpret a statute at variance with its stated language.' "[10]

■ The plain language of KRS 26A.040(2) states that any judge in any division of a particular court may decide any case or question in any other division of that court. There is no simpler way to state that Judge Friend did not act without jurisdiction. Whether his motivation in signing the agreed order was improper is not for us to decide here; rather, we are concerned only with the validity of his order as it relates to Hess's sentence. There is no question but that KRS 26A.040(2) explicitly authorized any judge of Pike District Court to answer any question which arose in Hess's case.

The parties did not cite to Rules of The Supreme Court (SCR) 1.040(4)(c), which provides that "[i]n the absence of good cause to the contrary, all matters connected with a pending or supplemental proceeding shall be heard by the judge to whom the proceeding was originally assigned." Our research uncovered but one published Kentucky case dealing with this provision, *Brutley v. Commonwealth.*[11] Although *Brutley* contains language which seems to support Judge Mullins's position,[12] it is of dubious precedential value because only a three-justice plurality concurred in that section of the analysis, and

---

7. *Stallard, supra,* at 842.

8. 579 S.W.2d 148 (Mo.App.1979).

9. *Id.* at 149.

10. *Bagby v. Koch,* Ky.App., 98 S.W.3d 521, 523 (2002).

11. Ky., 967 S.W.2d 20 (1998).

12. *See id.* at 21.

at no point did the *Brutley* Court address the interrelation of KRS 26A.040 and SCR 1.040(4)(c).

■ There does not appear to be a judicial interpretation of what is meant by "good cause." We consider it axiomatic that dissatisfaction with a decision reached by one judge and/or a desire for a different result is not the cause contemplated by the rule. Rather, we consider "good cause" as contemplated by SCR 1.040(4)(c) to include illness, disability, unavailability in time of emergency, or other extraordinary circumstance which makes appearance by the judge to which the case was assigned impossible.

■ In the absence of good cause, Judge Friend's order would be void. Therefore, upon motion, Judge Mullins could properly have set aside that order pursuant to CR 60.02(e). However, no such motion was made by either party, so the matter was not before Judge Mullins "on motion" as required by the plain language of CR 60.02. Judge Friend's order became final ten days after its entry,[13] and it is axiomatic that a court loses jurisdiction once its judgment is final. Judge Mullins was without jurisdiction to reconsider Judge Friend's order.

We do not suggest that Judge Friend's order was beyond challenge. Had the Commonwealth appealed directly to the circuit court, Judge Friend's order would be subject to being set aside unless good cause could be shown which would bring his actions into compliance with SCR 1.040(4)(c). Likewise, a motion to set aside Judge Friend's order could have been filed within a reasonable time as contemplated by CR 60.02(e).

■ Finally, Judge Mullins argues that Judge Friend's order is invalid because no CR 59.05 motion was filed on behalf of Hess to modify the judgment; and, as such, the matter was not properly before the court. However, the district court record was not made a part of the circuit court action; and it is not contained within the record on appeal. Accordingly, we do not have the ability to review this allegation of error. We must assume the district court record supports the circuit court's action.[14]

Accordingly, we reluctantly affirm the entry of a writ prohibiting Judge Mullins from entering an order reinstating Hess's original sentence of fourteen weekends' incarceration in the Pike County Jail. However, we caution that our opinion is not to be read to condone the sort of judicial behavior exhibited in the proceedings below. Rather, our affirmance is entirely a result of the unique procedural development whereby (1) Judge Mullins's order was not timely in its attempt to reconsider Judge Friend's order, (2) no direct appeal was taken from Judge Friend's order, and (3) no motion to set aside Judge Friend's order was filed under CR 60.02. In the event any of those three procedures had been employed, Judge Friend's order would be subject to being set aside absent a showing of good cause. We caution others not to read our opinion too broadly. In a proper case, several vehicles exist to set aside an interloping judge's order. Furthermore, sanctions are available should any party, attorney, or judge be found to have willfully violated a Supreme Court Rule.

ALL CONCUR.

---

13. CR 52.02; 59.04; 59.05.

14. *See, e.g., Commonwealth v. Thompson*, Ky., 697 S.W.2d 143 (1985).