George YOUNG and Johnny Young, Appellants,

v.

U.S. BANK, INC., as Trustee, Appellee.

No. 2009–CA–001759–MR.

Court of Appeals of Kentucky.

June 3, 2011.

George Young, Louisville, KY, for appellant pro se.

Johnny Young, Louisville, KY, for appellant pro se.

Travis W. Thompson, Mark D. Rucker, Georgetown, KY, for appellee.

Before ACREE and STUMBO, Judges; LAMBERT,[1] Senior Judge.

## OPINION

ACREE, Judge:

George Young and Johnny Young appeal from a Jefferson Circuit Court order denying *sua sponte* relief from a foreclosure judgment and order of sale as not satisfying the requirements of Kentucky Rule of Civil Procedure (CR) 60.02. They also appeal that portion of the same order denying their motion to stay a writ of possession relative to their foreclosed property. We dismiss this appeal having determined: (1) that the circuit court did not have jurisdiction to alter its own judgment absent the filing of a CR 60.02 motion by a party; and (2) that the appeal of the order denying a stay of the writ of possession presents a moot issue over which this Court has no jurisdiction.

### Facts and procedure

Foreclosure proceedings began with re-

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute 21.580.

gard to the Youngs' home in late 2005.[2] Default judgment and order of sale was entered on March 1, 2006. The matter was stayed, however, when the Youngs initiated bankruptcy proceedings; the stay was lifted when their bankruptcy petition was dismissed in 2008.

The property was then sold and, on October 10, 2008, the Master Commissioner filed his report of sale, which the circuit court confirmed in an order dated October 28, 2008. No post-judgment motion was filed; no appeal was taken.

On February 5, 2009, after discovering the Youngs still occupied the property, U.S. Bank petitioned the court to enforce the judgment by means of a writ of possession. The court granted the petition but stayed enforcement six days later upon the Youngs' motion. In that motion, the Youngs asserted that equity and public policy, as articulated in the federal Housing and Economic Recovery Act of 2008, prevented their eviction from the property.

The stay expired on March 31, 2009, after which the Youngs moved for another stay. The circuit judge (at the time a senior judge sitting in for Judge James M. Shake) granted the motion, expressing concern that the judgment and order of sale might be void *ab initio* due to an inconsistency on the instrument which assigned the mortgage to U.S. Bank.[3] The circuit court therefore ordered U.S. Bank to show cause why the court should not set aside the 2006 judgment and order of sale pursuant to grounds set forth in CR 60.02.

The invocation of CR 60.02 was *sua sponte;* no party had ever filed a CR 60.02 motion.

Following Judge Shake's return to the bench, the circuit court issued an order finding no grounds for relief from the judgment and no grounds for the Youngs' motion for a stay of the writ of possession. The Youngs appeal that order.

### Analysis

■ The order of sale was final. *Security Federal Sav. & Loan Ass'n of Mayfield v. Nesler,* 697 S.W.2d 136, 138 (Ky. 1985) (citing *May v. Ball,* 108 Ky. 180, 56 S.W. 7 (1900)) ("A judgment holding that the purchase of land was subject to a lien and decreeing a sale of the land to satisfy that debt is a final order from which an appeal lies."). The circuit court's October 28, 2008 order confirming the Master Commissioner's report was likewise a final order. *Id.* (citing *Newsom v. Johnson,* 255 S.W.2d 33 (Ky.1953)) ("An order of sale which directs a disbursement of the proceeds after payment of costs definitely is a final and appealable order."). The court could have modified either order within ten days of entry, and the parties could have appealed either order within thirty days. CR 59.04, CR 59.05, CR 73.02(1)(a). Neither event occurred with respect to either order; as a result, the court *sub judice* lost jurisdiction to modify either order. *Mullins v. Hess,* 131 S.W.3d 769, 774 (Ky. App.2004).

**2.** U.S. Bank, Inc., (hereinafter "U.S. Bank") was not the original mortgage holder, but through a series of assignments became the mortgage holder. U.S. Bank was the mortgagor at all times relevant to the appeal.

**3.** Specifically, the senior judge noted that the mortgage was assigned to U.S. Bank National Association, Trustee, while the plaintiff *sub judice* and appellee herein was identified as

U.S. Bank, Inc., which obtained the judgment. He expressed concern that the plaintiff had no actual interest in the foreclosed property, and that the default judgment and order of sale were therefore void. U.S. Bank argued that the error was clerical on its part and could easily be remedied by use of CR 60.01 to name the correct party in the judgment.

■ Of course, the circuit court retained "the authority of a court to enforce its own judgments and remove any obstructions to such enforcement." *Akers v. Stephenson*, 469 S.W.2d 704, 706 (Ky. 1970). Orders entered pursuant to such authority merely assure that the judgment is carried out and do not alter it in any way; such orders do not provide a means for attacking the original judgment. In this case, the circuit court granted the writ of possession pursuant to the authority identified in *Akers*.

■ Additionally, the circuit court did retain limited authority under CR 60.02 to affect the judgment and order confirming sale. However, the rule states,

> *On motion* a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon [certain] grounds [set forth in the Rule's subsections (a) through (f), including any] reason of an extraordinary nature justifying relief. *The motion shall be made* within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

CR 60.02 (emphasis supplied). Notably, neither party to this action filed a CR 60.02 motion, a necessary prerequisite to the grant of CR 60.02 relief.

Although more was at issue in *Mullins v. Hess, supra,* part of the case addressed the ability of a court to modify its own judgment once it becomes final. We said,

> *upon motion,* [the district court] could properly have set aside that order pursuant to CR 60.02(e). However, *no such motion was made by either party,* so the matter was not before [the district court] "on motion" as required by the plain language of CR 60.02. [The district court's] order became final ten days after its entry, [footnote omitted] and it is axiomatic that a court loses jurisdiction once its judgment is final. [The district court] was *without jurisdiction* to reconsider [its] order.

*Id.* at 774 (emphasis supplied).

There being no authority for a court to modify a final order on CR 60.02 grounds absent a motion filed by a party, the Jefferson Circuit Court lacked jurisdiction even to order the parties to "show cause" why it should not invalidate the judgment and order of sale. The court *sub judice* further had no authority to rule on its own CR 60.02 motion.[4] The circuit court's orders entered more than ten days after the order confirming sale, other than the order enforcing its own judgment and removing an obstacle to that enforcement, are void *ab initio* and have no legal effect.

■ The remaining issue is the denial of the Youngs' motion to stay execution of

---

4. This approach is consistent with the approach taken by this Court in the past, *Commonwealth v. Sharp*, 2007 WL 3406912, *2 (Ky.App.2007) ("It is axiomatic that a party must affirmatively request relief under CR 60.02 and must affirmatively demonstrate entitlement to the extraordinary relief requested."). Also, the Sixth Circuit's application of Federal Rule of Civil Procedure 60(b). *United States v. Pauley*, 321 F.3d 578, 581 (6th Cir. 2003) ("We have held that a district court may not *sua sponte* grant relief pursuant to Rule 60(b). In *Eaton v. Jamrog*, 984 F.2d 760 (6th Cir.1993), we reasoned that because Rule 60(b) explicitly requires relief under the rule to occur 'on motion,' courts may not grant such relief except upon 'a motion from the affected party.' " (footnote and citation omitted)). Kentucky courts rely upon Federal caselaw when interpreting a Kentucky rule of procedure that is similar to its federal counterpart. *See, e.g., Newsome By and Through Newsome v. Lowe*, 699 S.W.2d 748 (Ky.App. 1985).

the writ of possession. The record demonstrates that the Youngs no longer occupy the premises, thereby making this issue moot. "It is the universal rule," Kentucky's high court has said, "that courts will not consume their time in deciding moot cases, and have no jurisdiction to do so." *Louisville Transit Co. v. Department of Motor Transportation*, 286 S.W.2d 536, 538 (Ky.1956). Lacking jurisdiction, we will not consider this argument further.

The circuit court lacked jurisdiction to consider affording the Youngs relief, *sua sponte*, under CR 60.02, and this Court lacks the jurisdiction to consider a moot issue.

For these reasons, we affirm.

ALL CONCUR.