RENDERED: SEPTEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1653-MR

THOMAS BYRD LAWHON, JR.                    APPELLANT

APPEAL FROM OWEN CIRCUIT COURT
v.        HONORABLE REBECCA LESLIE KNIGHT, JUDGE
ACTION NO. 17-CI-00048

KENTUCKY TAX BILL SERVICING, INC.;
COMMONWEALTH CD FUND, LLC;
AND PEOPLES BANK & TRUST COMPANY          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; MAZE AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Thomas Byrd Lawhon, Jr. (Lawhon) appeals from a foreclosure judgment and order of sale by the Owen Circuit Court. He raises three allegations of error, none of which are properly preserved on appeal. Finding no manifest injustice meriting relief, we affirm.

On May 12, 2017, Kentucky Tax Bill Servicing, Inc. (KTBS) filed this foreclosure action, alleging that it was the owner of a certificate of delinquency for 2015 property taxes owed on Lawhon's real property located in Owen County, Kentucky. Due to their potential interests in the real property, the complaint named Owen County and the recorded lienholders on the property, including Commonwealth CD Fund, LLC (CCDF) and Peoples Bank and Trust Co. (PBT).[1] All named parties were served by certified mail except Lawhon, who was served by Warning Order Attorney. KTBS, CCDF, and PBT each sought judicial sale of the property to satisfy their respective liens.

While Lawhon did not respond to the initial complaint or cross-claims, he became aware of the action in July 2017. In August 2017, Lawhon filed a motion objecting to the foreclosure and stating that the service address used was not valid. He also argued that KTBS's complaint failed to comply with Local Rule 709(A)(3). In response, KTBS moved to file an amended complaint, which the trial court granted. Lawhon filed an answer to the amended complaint. In addition to objecting to the foreclosure, Lawhon alleged misconduct by KTBS's counsel, "larceny," and "slander of title" against a mobile home located on the property owned by Robert Iles. Lawhon also asserted claims against CCDF and PBT and requested relief from several judgments against the property.

---

[1] KTBS also named any "unknown spouse" of Lawhon. It was subsequently determined that Lawhon is unmarried.

On November 18, 2018, KTBS and CCDF moved for summary judgment against Lawhon and the real property. PBT filed its own motion on November 20, 2018. They also filed motions for summary judgment on Lawhon's counterclaims. Due to improper service of the motions, the trial court denied the summary judgment on the claims brought by KTBS, CCDF, and PBT. The trial court also vacated its prior order referring the matter to the Master Commissioner. But in a separate order, the trial court granted the summary judgment motions on Lawhon's counterclaims, concluding that he failed to state any grounds for relief.

Following entry of those orders, KTBS, CCDF, and PBT renewed their motions for summary judgment. The trial court granted the motions on September 10, 2019. On October 3, 2019, the trial court entered a judgment and order of sale of the property. In the description of the property to be sold, the judgment specified that "[t]here is not a mobile home, doublewide and/or manufactured home on the property or included in the sale." The property was sold at a sale by the Master Commissioner on November 15, 2019. Prior to the sale, Lawhon filed a notice of appeal, but he did not file a bond to suspend the sale.[2] Additional facts will be set forth below as necessary.

---

[2] On February 13, 2020, the motion panel of this Court denied Lawhon's motion for intermediate relief to stay the judicial sale of the property based upon Lawhon's failure to file a bond. The Court also found the matter was moot because the property had already been sold at Commissioner's Sale.

As an initial matter, we must note that Lawhon's *pro se* brief fails to substantially comply with the appellate rules.  His statement of the case includes a rough chronological summary of the facts and procedural events in the trial court with citations to the trial court record.  CR[3] 76.12(4)(c)(iv).  However, his brief fails to include any citations to legal authority pertinent to the issues presented on appeal or any references to the record showing that these issues were preserved for review.  CR 76.12(4)(c)(v).  It is not the task of an appellate court to construct arguments for parties, *Smith v. Smith*, 235 S.W.3d 1, 5 (Ky. App. 2006), or to determine how an issue is preserved for review.  *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 53 (Ky. 2003).  This Court has held that "[a]ssertions of error devoid of any controlling authority do not merit relief[,]" and so we may summarily affirm a trial court if an appellant's brief fails to comply with CR 76.12. *Koester v. Koester*, 569 S.W.3d 412, 414 (Ky. App. 2019).  *See also Clark v. Workman*, 604 S.W.3d 616 (Ky. App. 2020).

While non-compliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike Lawhon's brief or dismiss his appeal for failure to comply.  *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 378 (Ky. App. 2018).  On the other hand, we must also point out that KTBS, CCDF, and PBT each failed to file a responsive brief in this appeal, which is also subject to

---

[3] Kentucky Rules of Civil Procedure.

sanction under CR 76.12(8)(c). Under the circumstances, we elect to review the issues raised in Lawhon's brief for manifest injustice alone. *Clark*, 604 S.W.3d at 619.

Lawhon first argues that KTBS's original complaint was defective under Local Rule[4] 709(A)(3). In pertinent part, that rule requires that any complaint for foreclosure shall state if there is a mobile home, doublewide, or manufactured home on the property. Lawhon states that there is a mobile home on the property belonging to Robert Iles and that KTBS's original complaint failed to note its presence or whether the mobile home was subject to the foreclosure action.

But as discussed above, KTBS corrected this omission by filing an amended complaint on September 21, 2017. Lawhon presents no authority supporting his bare contention that the defect in the original complaint would affect the validity of the judgment. Furthermore, he does not argue that the amended complaint failed to comply with the local rule. Finally, we again note that the foreclosure sale specifically excluded the mobile home owned by Robert Iles. Therefore, we find no manifest injustice on this ground.

Lawhon next complains about the improper service of the original complaint and the motions for summary judgment. The trial court addressed these matters in the orders below and specifically criticized KTBS, CCDF, and PBT for

---

[4] Local Rules of Practice for the 15th Judicial Circuit, Carroll, Grant, and Owen Counties. (Approved Jul. 8, 2013).

their failures to properly serve Lawhon in this action. But as noted above, the court remedied these defects by allowing Lawhon to file his answer and setting aside any summary judgments entered based on the improper service. Lawhon does not identify any prejudice he suffered following entry of these orders. Therefore, we decline to address the matter further.

Finally, Lawhon contends that the property description in the judgment and order of sale was not consistent with the descriptions in his chain of title. He also asserts that KTBS failed to conduct a proper title search prior to filing this action and a portion of the property sold belongs to another party. In support of this argument, Lawhon moves to supplement the record with the relevant deeds supporting these claims.

However, the inclusion of matters and pleadings outside of the record on appeal is prohibited by CR 76.12(4)(c)(vii). In the absence of any motion to take judicial notice of these materials, we are constrained to disregard any exhibits that were not part of the record before the circuit court. *See U.S. Bank, NA v. Hasty*, 232 S.W.3d 536, 542 (Ky. App. 2007). Lawhon failed to object to the property description in the trial court's order of sale. We must also note that matters relating to the judicial sale are not properly raised in this appeal. *See Young v. U.S. Bank, Inc.*, 343 S.W.3d 618, 620 (Ky. App. 2011). Finally, we question whether Lawhon has standing to assert the potential ownership interests

of third parties who are not part of this action. Under the circumstances, Lawhon has failed to identify any manifest injustice meriting relief. We shall deny his motion to supplement the record by separate order.

Accordingly, we affirm the foreclosure judgment and order of sale entered by the Owen Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEES.

Thomas Byrd Lawhon, Jr., *pro se*
Frankfort, Kentucky