RENDERED: FEBRUARY 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0024-MR

JAMES DAVID ADKINS                                              APPELLANT

APPEAL FROM OHIO CIRCUIT COURT
v.        HONORABLE THOMAS O. CASTLEN, SPECIAL JUDGE
ACTION NO. 06-CR-00051

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: JONES, LAMBERT, AND K. THOMPSON, JUDGES.

JONES, JUDGE: James David Adkins appeals from the Ohio Circuit Court's

order entered on December 3, 2020, which denied his motion for postconviction

relief. Having reviewed the record and being otherwise sufficiently advised, we

affirm the trial court to the extent it denied Adkins's relief pursuant to CR[1] 60.02.

However, the substance of Adkins's motion also alleged a colorable claim to relief

---

[1] Kentucky Rules of Civil Procedure.

pursuant to RCr[2] 10.10, an issue the trial court did not address. Accordingly, we vacate the trial court's order to the extent it denied relief pursuant to RCr 10.10, and remand for further consideration of whether Adkins's final judgment and sentence contains a clerical error which affects the length and/or terms of his sentence.

## I. BACKGROUND

A thorough recitation of the facts of this case may be found in our unpublished opinion affirming Adkins's convictions stemming from the trial court's denial of Adkins's motion to withdraw his guilty plea. *Adkins v. Commonwealth*, No. 2009-CA-000575-MR, 2010 WL 4879581 (Ky. App. Nov. 12, 2010). Briefly stated, Adkins was indicted by an Ohio County grand jury for "two counts of first-degree rape, two counts of first-degree unlawful transaction with a minor, twenty counts of promoting a sexual performance by a minor, and twenty counts of use of a minor in a sexual performance." *Id*. at *1. On the morning of his trial, Adkins negotiated a plea with the Commonwealth in which he agreed to plead guilty to two counts of first-degree unlawful transaction with a minor and five counts of second-degree unlawful transaction with a minor in exchange for the Commonwealth recommending Adkins serve a sentence of fifteen years' imprisonment for these offenses. *Id*. Prior to his final sentencing, Adkins

---

[2] Kentucky Rules of Criminal Procedure.

moved *pro se* to withdraw his guilty plea, arguing the plea was involuntary. The trial court denied the motion, and Adkins appealed. We affirmed the trial court's denial of Adkins's motion to withdraw his guilty plea. *Id*. at *2.

Adkins subsequently began seeking postconviction relief from his judgment and sentence. He initially filed a *pro se* motion for relief with the trial court under RCr 11.42, asserting *inter alia* that he received ineffective assistance of counsel, that the judge should have disqualified himself from the RCr 11.42 proceedings, and once again claiming that his guilty plea was not entered knowingly and voluntarily. The trial court denied relief, and we affirmed. *Adkins v. Commonwealth*, No. 2012-CA-000212-MR, 2014 WL 631516 (Ky. App. Feb. 14, 2014).

In 2014, Adkins petitioned the federal court in the Western District of Kentucky for a writ of *habeas corpus* pursuant to 28 U.S.C.[3] § 2254. The district court denied the petition, and the Sixth Circuit denied Adkins's request for a certificate of appealability. Adkins thereafter moved the trial court *pro se* to vacate its order modifying custody credit on his sentence. The trial court denied the motion. On appeal, we vacated the order and remanded for reinstatement of the original award of custody credit as reflected in the final judgment. *Adkins v.*

---

[3] United States Code.

-3-

*Commonwealth*, No. 2013-CA-001369-MR, 2016 WL 1739693 (Ky. App. Apr. 29, 2016).

Again acting without the assistance of counsel, Adkins moved the trial court for postconviction relief under CR 60.02, arguing *inter alia* his guilty plea was induced by illegally seized evidence. The trial court denied his motion, and we affirmed, citing the untimeliness and improperly successive nature of Adkins's claims. *Adkins v. Commonwealth*, No. 2018-CA-000286-MR, 2019 WL 5854034 (Ky. App. Nov. 8, 2019).

Finally, on April 6, 2020, Adkins filed the *pro se* motion giving rise to this appeal, which he styled "Motion to Correct Sentencing Errors And / Or for the Modification of Sentence." The motion is unfocused, and Adkins asserts a variety of claims, including that he was unaware of the consequence of sex offender registration when he entered his plea. This allegation is refuted by the record. However, Adkins also asserted that he was improperly sentenced to a five-year conditional discharge period after release, when the law at the time of his offense required only a three-year conditional discharge period. Adkins also claimed the trial court's final judgment contained an error, asserting Adkins had been convicted of unlawful transaction with a minor *under sixteen years of age*, when he actually pleaded guilty to unlawful transaction with a minor *under eighteen years of age*. The trial court interpreted Adkins's motion as another attempt for relief

-4-

under CR 60.02 and consequently denied the motion as untimely and successive in its written order entered on December 3, 2020. This appeal followed.

## II. ANALYSIS

"We review the denial of a CR 60.02 motion for an abuse of discretion." *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015) (citing *Partin v. Commonwealth*, 337 S.W.3d 639, 640 (Ky. App. 2010)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted). "[W]e will affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id.* at 886 (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)).

The trial court denied Adkins's petition as time-barred and successive. To the extent that Adkins brought claims properly falling under CR 60.02, the trial court did not abuse its discretion. First, CR 60.02(e) and (f), the most flexible provisions of the rule regarding timeliness, still require the movant to bring the

-5-

petition within "a reasonable time." "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross*, 648 S.W.2d at 858. The Kentucky Supreme Court has affirmed a trial court's denial of a CR 60.02 motion as untimely when filed five years post-judgment. *Id.* Similarly, this Court has reasoned that denial of a CR 60.02 motion filed four years post-judgment would be within a trial court's discretion. *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007). Adkins entered his guilty plea in 2008, and we affirmed the trial court in his first appeal more than ten years ago. The trial court did not abuse its discretion when it determined the petition was untimely under CR 60.02.

We also agree with the trial court that the motion was successive. "CR 60.02 does not permit successive post-judgment motions, and the rule may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley*, 425 S.W.3d at 884 (citing *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997)). The record reflects that Adkins has previously filed motions under RCr 11.42 and CR 60.02. To the extent that Adkins raises issues regarding the voluntariness of his guilty plea and whether he knew of the requirement to register as a sex offender, among other similar issues, the trial court properly denied the current motion as successive. Adkins

-6-

either raised or could have raised these issues in his previous efforts, and they do not merit the extraordinary relief which may be granted under CR 60.02.

However, with the aid of counsel, Adkins narrowed the focus of his appellate brief to the issue of whether the trial court "erroneously entered a final judgment different than what Mr. Adkins agreed to during his plea colloquy."[4] (Appellant's Brief at 5.) On November 5, 2008, in the form titled "Commonwealth's Offer on Plea of Guilty," Adkins agreed to plead guilty to two counts of first-degree unlawful transaction with a minor which were specifically designated as "Class C" felonies. (Record (R.) at 171.) KRS 530.064(2)(a) states, "Unlawful transaction with a minor in the first degree is a . . . Class C felony if the minor so used is less than eighteen (18) years old at the time the minor engages in the prohibited activity[.]"[5] The next day, the trial court accepted Adkins's plea, and its written order reflected the plea offer and the corresponding portion of the statute, adjudging Adkins guilty of first-degree unlawful transaction with a minor *under _eighteen_ years of age*. (R. at 174.) However, in what the court termed its

---

[4] The appellant's brief also raised the issue of whether Adkins was erroneously sentenced to five years of conditional discharge rather than the three years required by Kentucky Revised Statute (KRS) 532.043 at the time of his offense. However, the parties agreed in subsequent briefing that the trial court had corrected the order to reflect only three years of conditional discharge, making this issue moot. Accordingly, we decline to consider this issue on appeal; *see Young v. U.S. Bank, Inc.*, 343 S.W.3d 618, 622 (Ky. App. 2011).

[5] Although KRS 530.064 has been amended multiple times since Adkins signed the plea agreement in 2008, the statute consistently views unlawful transaction with a minor under eighteen as the Class C felony version of the offense.

"Formal Sentencing Order," entered several months later, the trial court stated Adkins was convicted of unlawful transaction with a minor *under sixteen years of age*. (R. at 214.)

Adkins now contends the trial court entered a final judgment different than that to which he agreed in his plea. Properly labeled, this is not a motion under CR 60.02 at all, but a request to correct a clerical error under RCr 10.10.[6]

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is perfected in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

*Id.* For its part, the Commonwealth contends the trial court did not abuse its discretion in denying the motion based on timeliness. We agree the CR 60.02 issues presented to the trial court were properly denied, but there is nothing in the trial court's order denying Adkins's motion which specifically addresses the apparent mistake in the trial court's final judgment order. Since such mistakes may be corrected by the trial court "at any time," timeliness is not a bar to the extent Adkins sought relief pursuant to RCr 10.10.

---

[6] The language of RCr 10.10 is virtually identical to that of CR 60.01.

The Commonwealth also argues Adkins did not properly preserve the issue because his *pro se* motion failed to mention the words "clerical mistake" or cite to RCr 10.10. We disagree. Adkins's motion, though perhaps inartful, specifically complained that he was sentenced to unlawful transaction with a minor under sixteen years of age when he pleaded guilty to unlawful transaction with a minor under eighteen years of age. (R. at 35, 37.) Although Adkins may not have cited the rule, the substance of his motion clearly indicated that the basis of his motion was a clerical error in his sentence insomuch as the final judgment did not reflect the actual charges to which he pleaded guilty.

"The failure to accurately reduce to writing the trial court's intended sentence, a sentence which was evident from a review of the videotaped record and made known to both parties at the sentencing hearing, was a clerical error." *Davis v. Commonwealth*, 620 S.W.3d 16, 32 (Ky. 2021) (quoting *Machniak v. Commonwealth*, 351 S.W.3d 648, 654 (Ky. 2011)). The Commonwealth has conceded that, if one were to review the merits of Adkins's argument, "it does appear the plea agreement intended for the two counts of first-degree unlawful transaction with a minor to be . . . Class C felon[ies]" indicating the "under 18 years of age designation." (Commonwealth's Brief at 7.)

Despite the Commonwealth's concession on the underlying substantive issue, we cannot review the merits of the putative clerical error at this

time because "[t]he Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). However, a trial court must make "sufficient findings of fact and conclusions of law to provide meaningful review." *Patmon v. Hobbs*, 495 S.W.3d 722, 727 (Ky. App. 2016). Here, although the trial court used its sound discretion to deny issues cognizable under CR 60.02, the trial court did not address whether Adkins's final judgment contains a clerical error under RCr 10.10. The proper remedy in this case is for us to vacate the trial court's denial of relief with respect to the alleged clerical error and remand for further consideration of whether Adkins is entitled to relief under RCr 10.10. Should the trial court determine that a clerical error occurred in reducing Adkins's guilty plea and sentence to writing, it should amend his sentence to correct any such error.

### III. CONCLUSION

For the foregoing reasons, we affirm the Ohio Circuit Court's order denying relief for all claims in the motion properly falling under CR 60.02. We vacate the denial to the extent the trial court's order failed to address Adkins's claim that the final judgment contains a clerical error insomuch as it does not comport with the terms of Adkins's guilty plea as related to the age of the victim. On remand, the trial court should determine whether Adkins's final judgment and sentence requires correction pursuant to RCr 10.10.

-10-

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| Andrea Reed | Daniel Cameron |
| Frankfort, Kentucky | Attorney General of Kentucky |
| | |
| | Joseph A. Beckett |
| | Assistant Attorney General |
| | Frankfort, Kentucky |