RENDERED:  JULY 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0511-MR

GEORGE HARRISON                                                                 APPELLANT


v.                    APPEAL FROM ESTILL CIRCUIT COURT
                      HONORABLE MICHAEL DEAN, JUDGE
                      ACTION NO. 21-CI-00168


TUCKER R. RICHARDSON AND
LAW FIRM OF TUCKER R.
RICHARDSON                                                                      APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE:  George Harrison ("Appellant") appeals from an

order of the Estill Circuit Court entered on January 12, 2022, granting a motion to

dismiss in favor of Tucker Richardson and the Law Firm of Tucker R. Richardson

("Appellees").  He also appeals from an April 12, 2022 order denying his motion

for partial summary judgment.  Appellant argues that the circuit court erred in

dismissing the action and in improperly failing to grant partial summary judgment

in his favor. On September 30, 2022, we determined that Appellant is procedurally barred from appealing the January 12, 2022 order granting the motion to dismiss in favor of Appellees. After careful review, we affirm the April 12, 2022 order denying Appellant's motion for partial summary judgment.

## FACTS AND PROCEDURAL HISTORY

On August 15, 2019, Appellant was indicted by a federal grand jury on various drug and firearm charges. In 2020, Appellees undertook the representation of Appellant to defend against the criminal charges, and to pursue a civil action on an unrelated insurance claim. After about eight months, Appellees withdrew as counsel in the criminal proceeding because Appellant engaged in *ex parte* communication with the court. Appellant then engaged new defense counsel, and Appellees continued to represent Appellant in the insurance claim until Appellant instructed them to stop. The criminal matter proceeded to trial and Appellant was convicted and sentenced to 180 months in federal prison. The conviction and sentence were affirmed on appeal to the Sixth Circuit Court of Appeals.

Thereafter, Appellant filed the instant action in Estill Circuit Court setting forth claims of professional negligence and violation of Kentucky's Consumer Protection Act arising out of Appellees' handling of the criminal action and insurance claim. Appellees responded with a motion to dismiss based on the

applicability of the "exoneration rule" and Appellant's failure to assert a cognizable claim.[1] The circuit court treated the motion to dismiss as a motion for summary judgment. It determined that the exoneration rule precluded Appellant's claims because Appellant was convicted, but not subsequently exonerated. The circuit court granted summary judgment in Appellees' favor by order dated January 12, 2022, and Appellant's motion for reconsideration was denied. Appellant did not timely appeal the January 12, 2022 order, nor timely move to suspend the time for taking an appeal.

On March 17, 2022, Appellant filed a motion with the circuit court seeking partial summary judgment.[2] On April 12, 2022, the circuit court summarily denied Appellant's motion because the underlying action was previously dismissed, and Appellant's motion for partial summary judgment was not properly before the circuit court. This appeal followed.

Appellant, *pro se*, now argues that the Estill Circuit Court erred in granting Appellees' motion to dismiss, and in denying Appellant's motion for

---

[1] The exoneration rule is a defense to a legal malpractice action. It provides that a criminal defendant who has been convicted at trial and whose conviction has not been overturned may not maintain a legal malpractice action against his defense counsel for alleged negligence in the presentation of the criminal defense. *See Lawrence v. Bingham, Greenebaum, Doll, L.L.P.*, 567 S.W.3d 133 (Ky. 2018).

[2] Appellant's motion sought partial summary judgment on the Kentucky Consumer Protection Act claim that the circuit court had previously dismissed, and for claims of theft by deception and theft by unlawful taking that Appellant set forth in an untimely attempt to amend his complaint.

partial summary judgment.[3] He argues that the exoneration rule is not applicable and should not have been relied on by the circuit court to dismiss the underlying action. He also asserts that the facts and the law entitle him to partial summary judgment.

On May 25, 2022, this Court directed Appellant to show cause why the issues on appeal should not be limited to the order entered on April 12, 2022. The Court noted that the Notice of Appeal was untimely filed from the order entered on January 12, 2022, and a motion under Kentucky Rules of Civil Procedure ("CR") 59.05 was not timely filed so as to suspend the appeal time. Appellant filed a response to the show cause order, arguing that he intended to suspend the appellate process by filing a motion under CR 52.02 for additional findings of fact and a motion to reconsider under CR 59.05. He also claimed he had issues receiving mail from the circuit court because he was incarcerated, but he conceded he received the circuit court's order entered on January 12, 2022.

On September 30, 2022, we entered an order finding that Appellant's Notice of Appeal was untimely filed from the order entered January 12, 2022. As such, we determined that Appellant failed to invoke this Court's jurisdiction over the January 12, 2022 order. We ordered that the issues on appeal shall be limited

---

[3] Appellant's Notice of Appeal refers to orders dated January 12, 2022, and "on or about the 1st day of April 2022[.]" It appears that the latter order to which Appellant refers is the order denying his motion for partial summary judgment entered April 12, 2022.

to the consideration of the circuit court's April 12, 2022 order denying Appellant's motion for partial summary judgment. Accordingly, that is the sole issue now before us.

In denying Appellant's motion for partial summary judgment, the Estill Circuit Court determined that the motion was not properly before the circuit court because the underlying action was previously dismissed. This conclusion is supported by the record. "[I]t is axiomatic that a court loses jurisdiction once its judgment is final." *Mullins v. Hess*, 131 S.W.3d 769, 774 (Ky. App. 2004). The circuit court granted Appellees' motion to dismiss on January 12, 2022. This order became final when the circuit court denied Appellant's motion to reconsider on March 3, 2022. Appellant's motion for partial summary judgment was filed on March 17, 2022, about two weeks after the dismissal of his complaint had reached finality. As such, the circuit court correctly determined that Appellant's motion for partial summary judgment was not properly before it. We find no error.

## CONCLUSION

For the foregoing reasons, we affirm the April 12, 2022 order of the Estill Circuit Court denying Appellant's motion for partial summary judgment.


ALL CONCUR.

BRIEF FOR APPELLANT:

George Harrison, *pro se*
Irvine, Kentucky

BRIEF FOR APPELLEES:

Patricia C. Le Meur
Katherine T. Watts
Louisville, Kentucky