RENDERED:  SEPTEMBER 22, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1127-MR

LANCE FLEMING                                                                 APPELLANT

v.      APPEAL FROM MCCRACKEN CIRCUIT COURT
        HONORABLE DEANNA WISE HENSCHEL, JUDGE
        ACTION NO. 17-CI-00805

JOLIE FLEMING                                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

KAREM, JUDGE:  Lance Fleming appeals from the McCracken Circuit Court's

order requiring him to pay his son's college tuition from a 529 account.  We

affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 6, 2017, Lance petitioned to dissolve his marriage to

Jolie Fleming.  The parties married on September 25, 1999, and had three minor

children when Lance filed the petition: Child 1, born in 2001; Child 2, born in 2004; and Child 3, born in 2007.

Lance and Jolie entered into a Marital Settlement Agreement (the "Settlement Agreement") dated April 13, 2018, which the McCracken Family Court adopted in a Decree of Dissolution entered May 1, 2018 (the "Decree"). In the Settlement Agreement, the parties agreed to joint custody of, and equal timesharing with, their minor children. Neither party was required to pay child support.

During the parties' marriage, they established a 529 plan[1] for each of their three children. Lance was the named owner of the 529 accounts and held each account for the benefit of the respective child. While stating that the parties had equally divided their bank accounts and equalized their retirement accounts, the Settlement Agreement did not specifically address the 529 accounts. After the court entered the Decree, both parties continued to make deposits into the 529 accounts, with Jolie contributing $20,500.00 in 2019 and 2020.

Unfortunately, Lance's relationship with the children deteriorated throughout the next few years following the Decree's entry. In 2021, Lance agreed

---

[1] A 529 account is set up to pay certain qualified education expenses under a state plan established under the authority of 26 United States Code Annotated ("U.S.C.A.") § 529.

to give Jolie sole custody of the couple's two remaining minor children and indicated he did not want court-ordered visitation.

Because of the change in custody and visitation, the court entered an order on July 1, 2021, requiring Lance to pay $1,200.00 per month in child support. Additionally, the trial court ordered that Lance would have sole possession and ownership of the 529 accounts while Jolie would have sole possession and control of the Uniform Transfer to Minor Accounts ("UTMA"). The court further ordered each party to provide quarterly statements of their accounts to the other. Moreover, the court ordered that the 529 and UTMA accounts "be solely used for the children's benefit, post[-]high school." Lance did not file a notice of appeal or otherwise contest this order.

Approximately one year later, on August 8, 2022, Jolie filed a motion to compel and for other relief based on Lance's refusal to withdraw $9,200 from the 529 account established for Child 2 for his first semester at the University of Kentucky. Said motion referenced that Lance refused to communicate with Jolie or Child 2 regarding withdrawing funds from the 529 account established for Child 2. Jolie further requested that the court order Lance to transfer the three 529 accounts to her for the benefit and use of the child for whom they were established.

Lance filed a response to the motion objecting to him providing any funds to Child 2's college expenses, stating that the court had awarded Lance, and

Lance retained, sole possession and ownership of the 529 accounts. Lance further argued that while the court's July 1, 2021, order stated that the parties must use the 529 accounts for the children's benefit post-high school, it did not say that the parties were required to use the money for college expenses. Finally, Lance argued that under Kentucky Revised Statute ("KRS") 403.213, a parent's responsibility to pay support for their child ended upon the child becoming emancipated unless the child was in high school when they turned eighteen (18) years of age.

On August 18, 2022, the court entered a calendar order requiring Lance to pay $9,200.00 for the college tuition from the 529 established for Child 2 within forty-eight (48) hours. The court further ordered that Lance transfer ownership of the three 529 accounts to Jolie within one (1) week and noted that Lance would be responsible for any late fees or penalties that may apply. This appeal followed.

We will discuss further facts as needed.

## **ANALYSIS**

Lance next argues that the trial court erred in ordering him to pay for Child 2's college tuition. Specifically, he argues that there "were no specifics in regard to when or how the [529] funds were to be used," although he does not dispute that the 529 account funds were to be used for the children's benefit post-high school. We find no error.

-4-

The circuit court's July 1, 2021 order discussed the 529 and UTMA accounts under the heading "College Funds" and ordered that the accounts "shall be solely used for the children's benefit, post[-]high school." Lance did not appeal the July 1, 2021 order. Thus, he consented to the 529 accounts, or "college funds," being used for college expenses. Moreover, the court retained the authority "to enforce its own judgments and remove any obstructions to such enforcement." *Akers v. Stephenson*, 469 S.W.2d 704, 706 (Ky. 1970); *Bailey v. Bailey*, 231 S.W.3d 793, 797 (Ky. App. 2007); *Young v. U.S. Bank, Inc.*, 343 S.W.3d 618, 621 (Ky. App. 2011). We find no error in the court's order requiring Lance to pay Child 2's college tuition from the 529 account.

Lance further argues that, under KRS 403.213, a parent's responsibility to pay support for their child ends upon the child becoming emancipated unless the child is still in high school at age eighteen (18). KRS 403.213(3) states:

> Unless otherwise agreed in writing or expressly provided in the decree, *provisions for the support of a child* shall be terminated by emancipation of the child unless the child is a high school student when he reaches the age of eighteen (18).

(Emphasis added.)

In this case, the court's order concerning the 529 account did not require Lance to provide support in the future for the children to attend college.

Rather, the court ordered Lance to pay the college tuition from college accounts he had previously established, was continuing to maintain, and in which he had elected to place more funds. KRS 403.213(3) is not applicable in this instance.

Lance next argues that the family court erred in directing him to transfer ownership of the 529 college accounts to Jolie. We agree with Jolie that this issue is moot, as Lance withdrew all funds from the 529 accounts and forwarded them to Jolie via two cashier's checks in amounts equal to the amounts he withdrew from the 529 accounts. We affirm the family court as to this issue.

## CONCLUSION

For the foregoing reasons, we affirm the McCracken Circuit Court's order.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Heather L. Jones | Tiffany Gabeheart Poindexter |
| Paducah, Kentucky | Paducah, Kentucky |