RENDERED: APRIL 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0922-MR

LAELIA, LLC                                                                APPELLANT

                              APPEAL FROM OWSLEY CIRCUIT COURT
v.                            HONORABLE MICHAEL DEAN, JUDGE
                              ACTION NO. 18-CI-00010

RANDY BURNS; JANET RENE
MARSHALL; KENTUCKY HOUSING
CORPORATION; MTAG AS
CUSTODIAN FOR MGD-KY, LLC;
PORTFOLIO RECOVERY
ASSOCIATES, LLC; AND SECURITY
CREDIT SERVICES, LLC                                                        APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant, Laelia, LLC, appeals the Owsley Circuit Court's

July 1, 2022 Order vacating its October 4, 2019 final In Rem Judgment and Order

of Sale and Reformation of Mortgage (Final Judgment) relative to real property

owned by Appellee Randy Burns and his late wife Tabitha.[1]  Although each

Appellee identified in the caption was served as a defendant below, none filed an

answer.  Appellee Randy Burns made his first appearance shortly before the circuit

court *sua sponte* vacated the Final Judgment.  Having reviewed the record, we

vacate the circuit court's July 1, 2022 order and remand for further proceedings.

Appellant filed the only brief in this appeal; no Appellee filed a brief.

Pursuant to CR[2] 76.12(8)(c), when an appellee fails to file a brief, this court has

three options:  "(i) accept the appellant's statement of the facts and issues as

correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain

such action; or (iii) regard the appellee's failure as a confession of error and

reverse the judgment without considering the merits of the case."  CR 76.12(8)(c).

We elect to treat the Appellant's statement of the facts and issues as correct.

However, we examined the certified record to resolve this Court's questions not

answered by Appellant's brief.

On March 14, 2008, Appellee executed a loan agreement which

eventually was assigned to Appellant.[3]  As security for the loan, Appellee executed

---

[1] Hereinafter, we will refer only to Appellee, Randy Burns.

[2] Kentucky Rules of Civil Procedure.  Appellant's brief was filed before adoption of the Kentucky Rules of Appellate Procedure.

[3] Hereinafter, "Appellant" refers also to Laelia, LLC, and its predecessors-in-interest.

a mortgage giving a lien to Appellant on property he owned which is properly recorded. Appellee defaulted on the loan.

On January 24, 2018, Appellant initiated this foreclosure lawsuit. On October 4, 2019, the circuit court granted Appellant's Motion for Judgment and Order of Sale. Appellee did not appeal the Judgment. Two months later, on December 8, 2019, the circuit court entered an order instructing the Master Commissioner to advertise and sell the property. On December 20, 2019, the Master Commissioner entered an order appointing appraisers.[4] Sale was originally set for January 10, 2020, but the sale was canceled. The circuit court confirmed the report of the canceled sale on March 2, 2020.

The record reveals a delay in proceedings while Appellant became the final assignee of the mortgage, note, and judgment, and new counsel entered his appearance on behalf of Appellant. On March 22, 2022, Appellant moved to reschedule the sale. The motion was granted and the new date for selling the property became May 6, 2022.

On April 27, 2022, Appellee Randy Burns, by counsel, filed his "Ex Parte Motion to Set Aside Sale" and, alternatively, sought a temporary restraining order. He referenced no rule as grounds for such an order but argued the mortgage had been released and attached a copy to his motion. Appellant responded,

---

[4] The property appraised for $57,000.

-3-

explaining that its predecessor-in-interest, Springleaf Home Equity, Inc., f/k/a American General Home Equity, Inc., (Springleaf) was the mortgage holder for both the first and second mortgages, both dated March 14, 2008, and recorded simultaneously and consecutively in the land records of the county clerk. "Through inadvertence and mistake," the release incorrectly identified the first rather than the second mortgage as its subject. The error was discovered and, in 2014, Springleaf executed a corrected and amended release and recorded it and re-recorded the first mortgage. That was approximately four years before foreclosure was initiated.

On May 3, 2022, Appellee filed a Motion for Relief From Judgment citing CR 60.02, but not any particular subpart of that rule. The motion did not argue, for example: surprise or excusable neglect, CR 60.02(a); or newly discovered evidence, CR 60.02(b); or perjury, falsified evidence, or other fraud affecting the proceedings, CR 60.02(c)-(d); or that the *Judgment* is void, satisfied, or released, CR 60.02(e); or any other reason of an extraordinary nature, CR 60.02(f). Instead, Appellee made arguments he could have made had he appeared after being haled into court and before the Final Judgment was entered.[5]

---

[5] He argues non-compliance with Kentucky's version of the Uniform Commercial Code, Kentucky Revised Statutes (KRS) 355.3-309 and our rules of evidence, Kentucky Rules of Evidence (KRE) 1002 and 1004.

The circuit court canceled the sale scheduled for May 6, 2022, the Master Commissioner submitted a second report of canceled sale, and the court confirmed the report and authorized the related expenses.

On June 14, 2022, Appellant pursued execution of the Final Judgment by filing a motion to reschedule the sale of the property. Appellee did not respond in writing but appeared when that motion was heard on July 1, 2022. At that hearing, the circuit judge *sua sponte* set aside the Final Judgment, merely noting on the docket sheet: "Judgment and Order of sale vacated[,] scheduling order to enter[,] Final P[re-]T[rial ]C[onference] 3/3/23[,] Jury trial 3/20/23[.]"

Although the circuit court did not execute or enter a separate written order setting aside the Final Judgment, it did enter a formal scheduling order for discovery, exchange of witness lists, pre-trial conferencing, trial date, etc., on July 5, 2022. Consequently, Appellant identified the July 1, 2022 docket sheet order as the judgment from which it took this appeal.

The sole issue on appeal is whether the circuit court could *sua sponte* vacate the October 4, 2019 Final Judgment. A review of our caselaw shows the circuit court could not. We begin here.

> [A]n order which directs property to be sold in satisfaction of a judgment and lists and determines the priorities is a final and appealable judgment. The only purpose of retaining the case on the docket was to enforce the judgment by marshaling the assets, conducting the sale, and distributing the proceeds. [citation omitted]. That

> action does not diminish the finality of the first judgment and order of sale.

*Security Federal Sav. & Loan Ass'n of Mayfield v. Nesler*, 697 S.W.2d 136, 139 (Ky. 1985).

The Final Judgment started two clocks running – a ten-day clock and a thirty-day clock. CR 59.04; CR 59.05; CR 73.02(1)(a). The circuit court "could have modified . . . [the Final Judgment and Order of Sale] within ten days of entry, and the parties could have appealed . . . within thirty days. [Citations omitted]. Neither event occurred . . . ; as a result, the court *sub judice* lost jurisdiction to modify . . ." or, obviously, vacate that Final Judgment. *Young v. U.S. Bank, Inc.*, 343 S.W.3d 618, 620 (Ky. App. 2011).

"[U]nder CR 59.04 and 59.05, the trial court has control over its judgment with a right to order a new trial, or alter, amend or vacate the judgment, either on motion or *sua sponte*, for ten days after entry of judgment." *Atkisson v. Atkisson*, 298 S.W.3d 858, 866 (Ky. App. 2009). That authority ended in this case on October 14, 2019, ten days after it entered the Final Judgment. That left only the possibility of a collateral attack.

Pursuant to CR 55.02, "For good cause shown the court may set aside a judgment by default *in accordance with Rule 60.02*." CR 55.02 (emphasis added). As explained above, Appellee offered no justification for affecting the Final Judgment on any ground available under CR 60.02(a)-(f).

The circuit court lacked jurisdiction and authority to vacate the October 4, 2019 Final Judgment. "A judgment entered by a court without subject matter jurisdiction is void *ab initio*." *S.J.L.S. v. T.L.S.*, 265 S.W.3d 804, 833 (Ky. App. 2008) (citations omitted). Therefore, the circuit court's July 1, 2022 docket entry order vacating the Final Judgment is void *ab initio*.

Accordingly, we vacate the circuit court's void July 1, 2022 order vacating the Final Judgment and remand this case to the Owsley Circuit Court for further proceedings consistent with this Opinion, including facilitating Appellant's execution on the Final Judgment by ordering the Master Commissioner to schedule the sale and sell the subject property.

Vacated and remanded.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Mike L. Wiery
Fort Wright, Kentucky